UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TOKIO MARINE AMERICA INSURANCE
COMPANY,
*a/s/o ITOCHU LOGISTICS (USA)
CORPORATION*,

        Plaintiff,

v.

JAN PACKAGING, *et al.*,

        Defendants.

Civil Action No.: 17-7491 (JLL)

OPINION

**LINARES**, Chief District Judge.

This matter comes before the Court by way of Defendant Jan Packaging's ("Defendant") Motion to Dismiss Plaintiff Tokio Marine American Insurance Company's ("Plaintiff") Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 11). Plaintiff has submitted Opposition, and Defendant submitted a reply. (ECF Nos. 18, 19). The Court has considered the parties' submissions and decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons stated herein, Defendant's Motion to Dismiss Plaintiff's Amended Complaint is hereby denied.

## **BACKGROUND**[1]

---

[1] This background is derived from Plaintiff's Complaint, which the Court must accept as true at this stage of the proceedings. *See Alston v. Countrywide Fin. Corp.*, 585 F.3d 753, 758 (3d Cir. 2009).

This case concerns the shipment of computer chip manufacturing equipment ("the equipment") which was damaged in transit. (ECF No. 7 (First Amended Complaint ("FAC"))) ¶ 12).[2] The equipment was sold by Intel Corporation to Hangzhou Silan Integrated Circuit Company, Ltd. ("Silan"), a company headquartered in China. (*Id.*). Silan hired Kingpoint Technology Limited ("KPT") to oversee shipment of the equipment from the United States to China. (*Id.* ¶ 13). KPT in turn hired Itochu Logistics (USA) Corporation ("Itochu") to arrange shipment of the equipment from Massachusetts to New Jersey, and to arrange re-packaging of the equipment in New Jersey prior to shipping the equipment to China. (*Id.* ¶ 14). Itochu assumed KPT's responsibility for ensuring that the equipment was delivered in good condition, and took out an insurance policy with Plaintiff. (*Id.* ¶¶ 15, 16). Pursuant to the insurance policy, Plaintiff covered Itochu's liability for any damage to the property caused by others who had assumed responsibility for the delivery of the equipment in good condition. (*Id.* ¶ 16).

Itochu hired Defendant to transport the equipment from Massachusetts to New Jersey, and to then repackage the equipment for its shipment to China.[3] (*Id.* ¶¶ 17, 25). Plaintiff asserts that the equipment was delivered to the care, custody, and control of Defendant in good condition but the equipment was damaged by the time it arrived in New Jersey. (*Id.* ¶¶ 18–20). Plaintiff further asserts that the equipment was damaged while in Defendant's care as a result of Defendant's negligence. (*Id.* ¶ 20). KPT sued Itochu for the damage and, under Plaintiff's insurance policy, Plaintiff paid KPT $504,840 to settle the claim. (*Id.* ¶¶ 22, 30). Accordingly, Plaintiff brought

---

[2] Plaintiff initially brought this action on September 26, 2017. (*See* ECF No. 1 ("Compl.")). Subsequently, Plaintiff amended the complaint on September 29, 2017. (*See* FAC). Therefore, the relevant pleadings for this case will be taken from FAC.

[3] As a preliminary matter, the Court notes that there are several defendants in this case who were hired to transport the equipment and who allegedly committed the culpable conduct. (FAC at Count I, Count II). However, this Opinion will discuss those facts only as they are relevant to the moving defendant.

this action under federal and state law to recover the settlement payments, as well as costs of suit and other relief. Defendant now moves to dismiss Plaintiff's Amended Compliant.

## **LEGAL STANDARD**

To withstand a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

To determine the sufficiency of a complaint under *Twombly* and *Iqbal* in the Third Circuit, the court must take three steps: first, the court must take note of the elements a plaintiff must plead to state a claim; second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (citations omitted). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of the public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

## ANALYSIS

Both parties concede that Plaintiff's claims are controlled by the Carmack Amendment to the Interstate Commerce Act ("Carmack Amendment"), codified in 49 U.S.C. § 14706. (ECF No. 11-1 at 3; ECF No. 18 at 2). Under the Carmack Amendment, a carrier must receive formal written notice of the damaged cargo within a timeframe specified by the carrier but that cannot be less than nine months. 49 U.S.C. § 14706. Here, Defendant's tariff provided a notice requirement of nine months. (ECF No. 11-2 at Ex. C). The parties agree that Plaintiff had until late September 2016 to provide Defendant with formal written notice of the damage caused to the equipment. (ECF No. 11-1 at 14; ECF No. 18 at 5).[4] In its brief, Defendant asserts that no notice was provided and therefore Plaintiff's Amended Complaint is time barred. (ECF No. 11-1 at 14–15). Defendant's assertion was based on the affidavit of its Chief Financial Officer who claimed Defendant never received notice. (ECF No. 11-2 at ¶¶ 8–9). However, Plaintiff attached in its Opposition a letter sent by Plaintiff's Counsel to Defendant which was dated June 1, 2016 and that claimed to "place [Defendant] on formal notice of claim for all losses and claims associated with the referenced shipment." (ECF No. 18-4). Viewing these facts in a light most favorable to Plaintiff, the Court concludes that Plaintiff's letter sufficiently shows that Defendant was provided with timely formal notice.

Furthermore, Plaintiff's Amended Complaint provides sufficient factual allegations to support a claim under the Carmack Amendment. "To establish a *prima facie* case against a common carrier under the Carmack Amendment . . . a plaintiff must prove the following three elements: '(1) delivery of the goods to the initial carrier in good condition, (2) damage of the goods

---

[4] Plaintiff's Amended Complaint is devoid of the dates in which the alleged conduct underlying this action occurred, but in the interest of expedient justice the Court refers to the parties' declarations to determine the appropriate timeframe Plaintiff had to provide notice.

4

before delivery to their final destination, and (3) the amount of damages.'" *Beta Spawn, Inc. v. FFE Transp. Servs.*, 250 F.3d 218, 223 (3d Cir. 2001) (citing *Conair Corp. v. Old Dominion Freight Line, Inc.*, 22 F.3d 529, 531 (3rd Cir. 1994)). Here, Plaintiff's Amended Complaint alleges that Defendant was hired to transport cargo in interstate commerce, (FAC ¶ 17); that the cargo was given to Defendant in good condition, (FAC ¶ 18); that the cargo was damaged by the time it arrived in New Jersey, (FAC ¶ 19); and that Plaintiff was required to pay KPT a settlement of $504,840, (FAC ¶ 22). At this stage in the litigation, these allegations are sufficient to withstand Defendant's Motion to Dismiss. *See Hartford Fire Ins. Co. v. Dynamic Worldwide Logistics, Inc.*, No. 17-553, 2017 U.S. Dist. LEXIS 142926, at *5–6 (D.N.J. Sept. 5, 2017) (stating that the dismissal of plaintiff's Carmack Amendment claims would be inappropriate when the complaint identifies the defendant as a motor carrier who received the cargo in good condition but failed to deliver the cargo to its destination in the same condition). Therefore, the Court denies Defendant's Motion to Dismiss Plaintiff's Amended Complaint.

Though Plaintiff has sufficiently alleged a claim under the Carmack Amendment, the Court finds that Plaintiff's state law claims must be dismissed on preemption grounds. As previously mentioned, Plaintiff concedes in its Opposition that its claims are controlled by the Carmack Amendment. (ECF No. 18 at 2). Therefore, to the extent that Plaintiff's Amended Complaint alleges state law claims, the Court concludes that same are hereby dismissed and that Plaintiff will continue this litigation under the Carmack Amendment.

## CONCLUSION

For the aforementioned reasons, Defendant's Motion to Dismiss is hereby denied. An appropriate order follows this opinion.

Date: ~~November~~ December 4th, 2017

JOSE L. LINARES
Chief Judge, United States District Court